**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3542
_____

M.R. MIKKILINENI

v.

GIBSON-THOMAS ENGINEERING COMPANY;
EDWARD SCHMITT; MARK GERA; MCDONALD,
SNYDER AND LIGHTCAP; JOHN P. MERLO;
BANK OF AMERICA; GARY P. CARUSO;
COMMONWEALTH OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 09-cv-01026)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2010
Before: SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: May 12, 2010)

_____

OPINION
_____

PER CURIAM.

       Appellant M.R. Mikkilineni initiated a pro se civil action in United States

District Court for the District of Columbia against Gibson-Thomas Engineering Company ("GTE") and two of its employees, Edward Schmitt and Mark Gera, among others. After the action was transferred to the Western District of Pennsylvania and docketed at D.C. Civ. No. 04-cv-00491, the District Court dismissed the complaint *sua sponte* in an order entered on April 21, 2004. The court reasoned that Mikkilineni had previously been determined to have engaged in vexatious litigation against the named defendants, and that the instant complaint contained claims identical to those previously litigated.[1] The complaint was wholly insubstantial, frivolous, and completely devoid of merit, and thus the District Court dismissed it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Oneida Indian Nation of N.Y. v. Oneida County, N.Y., 414 U.S. 661, 666 (1974) (some federal questions are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). The District Court directed the Clerk not to accept any other pro se complaints from Mikkilineni unless he obtained prior authorization from the court. Mikkilineni filed a response to the court's order but he did not file a notice of appeal.

On April 9, 2009, Mikkilineni filed a Rule 60(b) motion in D.C. Civ. No. 04-cv-00491, which the District Court denied in an order entered on April 13, 2009. On

---

[1] The District Court noted that Mikkilineni had filed over 100 cases in courts throughout the land.

2

May 11, 2009, Mikkilineni filed a motion for reconsideration of that order, which the District Court also denied. Mikkilineni has separately appealed the April 13, 2009 order of the District Court denying his Rule 60(b) motion, see C.A. No. 09-2434. On June 23, 2009, Mikkilineni filed an application for leave to file a complaint with new causes of action and additional parties. After GTE filed a response asserting that the proposed action was related to Mikkilineni's history of vexatious litigation, the District Court, in an order entered on June 26, 2009, denied the application as an impermissible attempt to harass GTE and circumvent the court's previous rulings. Mikkilineni has separately appealed the June 26, 2009 order of the District Court, see C.A. No. 09-2997.

Undeterred, on July 19, 2009, Mikkilineni filed a brand new civil rights action in United States District Court for the District of Columbia against GTE and its employees, among others. Just as he had in his Rule 60(b) motion, motion for reconsideration, and application for leave to file a complaint with new causes of action, Mikkilineni asserted that a bank account he held for a nonprofit at Bank of America had been attached improperly by GTE in July, 2008 to satisfy a judgment against him in the amount of $140,000.00. Fearing that Mikkilineni was forum-shopping to avoid the Western District of Pennsylvania's injunction, the District of Columbia transferred the action to the Western District of Pennsylvania.

GTE then filed a response, asserting that Mikkilineni's new complaint had been filed in violation of the District Court's April 21, 2004 order enjoining him from

3

filing any further litigation without prior authorization from the court. Construed as an application for leave to file a complaint, it was impermissibly designed to collaterally attack a valid state court judgment related to Mikkilineni's history of vexatious litigation.

In an order entered on August 17, 2009, the District Court concluded that the complaint, which Mikkilineni originally filed in the District of Columbia, was a "blatant attempt" to circumvent the court's prior order enjoining him from filing any further complaints without prior authorization from the court. Accordingly, the District Court dismissed the complaint and did not separately construe it as an application for leave to file a new complaint. Mikkilineni appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. Insofar as the District Court previously enjoined Mikkilineni from filing any further complaints in the Western District of Pennsylvania unless he obtained prior authorization from the court, and Mikkilineni filed the instant complaint without seeking leave of court, the District Court did not err in dismissing the complaint as having been filed in violation of a valid court order.

We will affirm the order of the District Court dismissing the complaint as having been filed in violation the court's order enjoining Mikkilineni from filing any further complaints in the Western District of Pennsylvania without leave of court.